UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FRANKLIN R. DRAKE,

                            Plaintiff,

v.

STANISLAV KARAHUTA,
CARAVAN LOGISTICS, INC.,
WELLS FARGO EQUIPMENT FINANCE, INC.,

                            Defendants.

**REPORT AND RECOMMENDATION**

08-CV-00771(A)(M)

---

This action was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a report and recommendation on dispositive motions [3].[1]  Before me is defendants' motion for partial summary judgment [16]. For the following reasons, I recommend that defendants' motion be granted in part and denied in part.

**BACKGROUND**

This case arises from a January 30, 2008 motor vehicle accident in Bethany, New York involving plaintiff's vehicle and a tractor-trailer operated by defendant Stanislav Karahuta ("Karahuta"). Complaint [1], ¶11.  Plaintiff alleges that, at the time of the accident, Karahuta was employed by defendant Caravan Logistics, Inc. ("Caravan").  Id., ¶10; Gulisano Affidavit [16-2], Ex. D, pp. 11-13.  Karahuta's vehicle was owned by defendant Wells Fargo Equipment Finance, Inc. ("Wells Fargo") and subleased to Karahuta from Rig Masters Transport Services LTD. Gulisano Affidavit [16-2], Exs. G and H.

---

[1]     Bracketed references are to the CM/ECF docket.

Defendants move for partial summary judgment seeking to dismiss all claims asserted against Wells Fargo, and the claims of independent negligence (*e.g*., negligent hiring, retention, supervision and training) asserted against Caravan.

## ANALYSIS

A.   **Summary Judgment Standard**

The standard to be applied on a motion for summary judgment in this Circuit is well settled. "'Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Summary judgment is improper if there is any evidence in the record that could reasonably support the jury's verdict for the non-moving party.'" Ford v. Reynolds, 316 F. 3d 351, 354 (2d Cir. 2003).

**B.     Plaintiff's Claims Against Wells Fargo**

In seeking dismissal of all claims asserted against Wells Fargo, defendants rely upon the so-called "Graves Amendment", 49 U.S.C. §30106(a) (Gulisano Affidavit [16-2], Point A),[2] which provides that:

> "An owner of a motor vehicle that . . . leases the vehicle to a person . . . shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle . . . , for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if --
>
> (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner . . . .".

The Graves Amendment "was enacted to protect the vehicle rental and leasing industry against claims for vicarious liability where the leasing or rental company's only relation to the claim was that it was the technical owner of the car." Rein v. CAB East LLC, 2009 WL 1748905, *2 (S.D.N.Y. 2009). It "expressly preempts the vicarious liability provisions of [NY Vehicle and Traffic Law] §388 for claims commenced after August 10, 2005". Id., *3; Berkan v. Penske Truck Leasing, Inc., 535 F. Supp. 2d 341, 345-6 (W.D.N.Y. 2008) (Larimer, J,) (upholding constitutionality of the Graves Amendment and granting summary judgment to the lessor).

---

[2]     Although Local Rule 7.1(e) requires that a memorandum of law accompany a summary judgment motion, no memorandum of law was included with defendants' motion. However, plaintiff does not object to this omission.

Plaintiff does not challenge the applicability of the Graves Amendment to his claims against Wells Fargo. Instead, he argues only that because defense counsel represents all defendants, he has a conflict of interest which precludes him from asserting this defense on behalf of Wells Fargo. Plaintiff's Memorandum of Law [22], Point I.[3] In response, defendants argue that there is no conflict, or in the alternative, that any such conflict has been waived by Caravan. Defendants' Reply [24], Ex. A.

In Graca v. Krasnik, 2008 WL 2928557, *4 (Sup. Ct. Kings County 2008), the court held that "there is an inherent conflict of interest in representing two named defendants where, if the case against one defendant (owner/lessor) is dismissed pursuant to the Graves Amendment, the other defendant (driver) is left bearing full liability for the claims alleged in Plaintiff's complaint. Defendants' attorneys cannot zealously represent both Defendants where they seek dismissal of the claims against one of the defendants they represent while the other has no independent advocate to oppose the motion which would result in their shouldering full liability".

---

[3] Although he is not directly affected by the alleged conflict, plaintiff has standing to raise this argument. *See* Adams v. Village of Keesville, 2008 WL 3413867, *10 (N.D.N.Y. 2008) ("Given the court's oversight obligation, a motion to disqualify an attorney, even if brought by an unaffected party, is an appropriate means by which to bring the conflict issue to the court's attention."); Burg v. Brunswick Hospital Center Inc., 1987 WL 19431, *3 (E.D.N.Y. 1987) ("defendants contest plaintiff's standing to seek disqualification of opposing counsel in order to protect the rights of the defendant doctors. However, all attorneys, regardless of their position in the litigation, have an obligation to call to the Court's attention possible disciplinary rule violations. . . . Moreover, plaintiff's interest in finality of judgment gives it standing to complain of conflicts of interest which may impair the favorable results of any trial."); Estates Theatres, Inc. v. Columbia Pictures Industries, Inc., 345 F. Supp. 93, 98 (S.D.N.Y. 1972).

However, in Graca the court noted at least the possibility that the owner might be independently negligent: "the Amendment is only a defense to vicarious liability, so a defendant must also demonstrate that there was no negligence on their part". Id. *See also* Meigel v. Schulman, 2009 WL 2742807, *2 (N.Y. Sup. Ct. Kings County 2009) ("there is an inherent conflict in an attorney representing both the driver and the leasing company where there is a possibility that the leasing company may have been negligent. If [the lessor] was negligent then the driver would be entitled to contribution from [the lessor] and [the lessor] could not seek indemnification for such contribution based on its own negligence").

Unlike Graca and Meigel, in which the potential conflict of interest was raised *sua sponte* by the court in response to the defendants' motion to dismiss prior to discovery, in this case discovery is complete, and plaintiff has neither alleged nor sought to prove any basis other than vicarious liability for its claim against Wells Fargo. *See* plaintiff's interrogatory answers [16, Ex. C], ¶¶ (a) - (cc), which do not contain any allegations that the vehicle itself was defective or negligently maintained.

Plaintiff's failure to allege any basis for independent negligence against Wells Fargo (other than vicarious liability under NY Vehicle and Traffic Law §388) negates any possibility of independent liability by Wells Fargo. Therefore, defense counsel does not have a conflict of interest in asserting a Graves Amendment defense. Since plaintiff does not otherwise challenge the applicability of the Graves Amendment to his claims against Wells Fargo, I recommend that these claims be dismissed.

C.  **Plaintiff's Claims of Independent Negligence Against Caravan**

Plaintiff's complaint alleges two causes of action against Caravan: first, that Caravan "is liable for the actions of [Karahuta] based on theory of respondeat superior", and second, that the incident "was caused as a result of the negligent [*sic*] carelessness, recklessness and unlawful conduct on the part of [Caravan], among other things, in failing and omitting to properly train its drivers, in failing and omitting to properly and adequately screen . . . , in failing and omitting to properly supervise its drivers, and in negligently hiring [Karahuta]". Complaint [1], ¶¶ 15, 20. Plaintiff's interrogatory responses also allege various allegations of negligent hiring, retention, training and supervision against Caravan. Gulisano Affidavit [16-2], Ex. C. Response to Interrogatory No. 10.

In moving to dismiss plaintiff's claims of independent negligence against Caravan, defendants argue that these claims are precluded by plaintiff's claim of vicarious liability against Caravan as Karahuta's employer. Gulisano Affidavit [16-2], ¶¶23-24. "Liability for negligent hiring, retention, training or supervision typically arises only when an employee acts outside of the scope of his employment and vicarious liability cannot obtain." Marotta v. Palm Management Corp., 2009 WL 497568, *4 (S.D.N.Y. 2009). This cause of action "does not lie where . . . the employee is acting within the scope of his or her employment, thereby rendering the employer liable for damages caused by the employee's negligence under the alternative theory of *respondeat superior*". Drisdom v. Niagara Falls Memorial Medical Center, 53 A.D.3d 1142, 1143 (4th Dept. 2008).

In opposing the motion for summary judgment as to these claims, plaintiff argues that questions of fact exist as to whether Karahuta was acting as an employee of Caravan and the

scope of his employment relationship with Caravan at the time of the accident. Plaintiff's Memorandum of Law [22], p. 3. Plaintiff points out that defendants have *denied* the allegation in paragraph 10 of the complaint that Karahuta "was employed by . . . CARAVAN . . . and was acting within the scope of his employment". Bailey affidavit [20], ¶15. In fact, Caravan and Karahuta denied this allegation not only in their original answer [1, Ex. C, ¶3], but again in their amended answer which was served two months later [7, ¶4].

In his reply affidavit [24], defendants' attorney offers no explanation as to why defendants denied the allegations of ¶10 of the complaint if - as they now claim - Karahuta was an employee of Caravan and was operating in the course of his employment. Instead, he suggests that plaintiff may have violated Rule 11 by asserting a baseless claim. Id., ¶5. However, Rule 11 applies to defendants as well as plaintiffs, and requires that "responsive pleaders must have 'evidentiary support' for their factual contentions . . . . and must undertake 'an inquiry reasonable under the circumstances' before presenting any responsive pleading". 2 Moore's Federal Practice (Third Ed. 2009), §8.06[2].[4] "Defendants are to strictly comply with the requirement of Rule 11 that all denials be, to the best of their knowledge, information, and belief, formed after an inquiry into the facts reasonable under the circumstances". Greene v. C & K Landscaping, 2008 WL 5381822, *2 (M.D.Ala. 2008); White v. Smith, 91 F.R.D. 607, 608 (W.D.N.Y. 1981) (Elfvin, J.) ("denials are acceptable under the rule if they are made in 'good faith'").

---

[4] For example, it is presumed that counsel has spoken to his or her client about the facts of the case prior to filing a pleading. Andrews v. Metro North Commuter Railroad Co., 882 F. 2d 705, 707 (2d Cir.1989).

Absent an explicit acknowledgment from defendants that they themselves have violated Rule 11 by twice denying those facts which they now assert to be undisputed (*i.e.*, that Karahuta was operating in the course of his employment by Caravan at the time of the accident), I conclude that there must be at least some evidentiary support for that denial. That conclusion, in turn, creates an inference that the facts may not be as defendants now claim them to be, and that there may be evidence to suggest that Karahuta was not an employee of Caravan, and/or that he was not acting in the course of his employment at the time of the accident. Because I am obligated to draw all inferences in favor of plaintiff for purposes of this motion (Ford, supra), summary judgment cannot be granted.

Furthermore, I fail to see how - absent a further amendment of their answer (which has neither been sought nor granted) - defendants can disavow the denial in their answer in order to obtain summary judgment. "Pleadings are for the purpose of accurately stating the pleader's version of the case, and they bind unless withdrawn or altered by amendment." Sinclair Refining Co. v. Tompkins 117 F. 2d 596, 598 (5th Cir.1941); In re Ponderosa Development, LP, 2007 WL 1556866, *2 (Bk. E.D.Tex. 2007) ("it is elementary law that parties are bound by their pleadings").

Even if a second amendment of defendants' answer were to be allowed, defendants' original denial of the allegations of ¶10 of the complaint could still be considered by the trier of fact. *See* Andrews, supra, 882 F. 2d at 707 ("the district court's refusal to permit the jurors to be informed of the amendment and to examine the original [pleading] so that they could contrast it with the amended [pleading] was a substantial abuse of discretion. The amendment of a pleading does not make it any the less an admission of the party . . . . A party cannot advance

one version of the facts in his pleadings, conclude that his interests would be better served by a different version, and amend his pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories").

## CONCLUSION

For these reasons, I recommend that defendants' motion for partial summary judgment [16] be granted to the extent of dismissing plaintiff's claims against Wells Fargo, but otherwise be denied. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the clerk of this court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the clerk of this court within 14 days after receipt of a copy of this Report and Recommendation.

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made

and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the district judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED: January 25, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge